IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| LOCAL 110, RETAIL, WHOLESALE AND DEPARTMENT STORE UNION, U.F.C.W., AFL-CIO,<br><br>Plaintiff,<br><br>v.<br><br>QUAKER MANUFACTURING, LLC, dba Quaker Oats Company,<br><br>Defendant. | No.  1:20-cv-101<br><br>COMPLAINT FOR CONFIRMATION AND ENFORCEMENT OF ARBITRATION AWARD |

Plaintiff, Local 110, Retail, Wholesale and Department Store Union, U.F.C.W., AFL-CIO ("Plaintiff"), by its attorneys, for its Complaint for Confirmation and Enforcement of Arbitration Award against Defendant, Quaker Manufacturing, LLC, dba Quaker Oats Company, alleges as follows:

1. This is an application for an Order confirming an arbitration award made pursuant to the United States Arbitration Act, 9 U.S.C. § 1.

2. The Court has jurisdiction in this matter pursuant to the provisions of Section 301 of the Labor Management Relations Act, 1947 (LMRA), 29 U.S.C. § 185, and the under the Federal Arbitration Act, 9 U.S.C. § 9.

3. At all times hereinafter mentioned, Plaintiff was, and still is, a "labor organization" as that term is defined and used in 29 U.S.C. §§ 142(3), 185(a), and Section 2(5) of the NLRA, 29 U.S.C. § 152(5). Plaintiff has its main office at 526 F Ave. NW, Cedar Rapids, IA 52405. Plaintiff is the exclusive bargaining representative for a bargaining unit of production employees.

4. At all times hereinafter mentioned, Defendant was, and still is, an "Employer" as that term is defined and used in 29 U.S.C. §§ 142(3), 185(a) and Section 2(2) of the NLRA, 29 U.S.C. § 152(2). Defendant owns and operates a production plant at 418 Second St. NE, Cedar Rapids, IA 52401.

5. At all times relevant to this case, Plaintiff and Defendant were parties to a written "Contract" as that term is used in Section 301(1) of the LMRA, 29 U.S.C. § 185(a). The Contract consisted of the Collective Bargaining Agreement ("CBA") attached hereto as Exhibit "1".

6. Article III of the CBA outlines and sets forth certain procedures for the timely resolution of grievances involving the interpretation or application of any of its terms and provisions. If not resolved, any grievance may be submitted to arbitration, as provided under Article III, § 3.10(c).

7. Article III, § 3.10(c) of the CBA provides that the Arbitrator's Decision "shall be final and binding".

8. On June 24, 2020, an arbitration hearing was held before Arbitrator Ruth Moscovitch pursuant to Article III of the CBA. The grievance alleged the Company violated § 8.03 of the CBA when a supervisor did bargaining unit work.

9. By Arbitration Award dated September 25, 2020 (the "Award"), Arbitrator Moscovitch upheld the grievance, directing Defendant to cease and desist from having Supervisors perform bargaining unit work in violation of § 8.03. A true and correct copy of the Award is attached hereto as Exhibit "2".

WHEREFORE, Plaintiff prays that:

1. The Court issue an Order confirming the Arbitrator's Award.

-2-

Case 1:20-cv-00101-KEM   Document 1   Filed 10/21/20   Page 2 of 3

2. The Court order the Defendant to immediately comply with the terms of said Award.

3. The Court retain jurisdiction in this matter.

4. Plaintiff be awarded such other relief as the Court deems just and equitable.

/s/ Joseph E. Day
Joseph E. Day - AT0001902
DAY RETTIG MARTIN, P.C.
PO Box 2877
Cedar Rapids, IA 52406-2877
Phone: (319) 365-0437
Fax:    (319) 365-5866
Email: jday@drpjlaw.com; cheryl@drpjlaw.com
ATTORNEYS FOR PLAINTIFF